THE MAYOR AND COUNCIL OF THE BOROUGH OF PARK RIDGE v. N. A. REYNOLDS ET AL.

Submitted July 7, 1905—Decided November 13, 1905.

Under the provisions of "An act to provide for the summary investigation of county and municipal expenditures" (*Pamph. L.* 1898, *p.* 155), the justice of the Supreme Court who has made an order appointing experts to prosecute such an investigation is not required to institute an inquiry into the truth of the facts sworn to in the jurisdictional affidavit in the manner prescribed by the act.

On *certiorari*.

Before Justices GARRISON and GARRETSON.

For the prosecutors, *Reuben M. Hart.*

For the defendants, *Edmund W. Wakelee* and *Wendell J. Wright.*

The opinion of the court was delivered by

GARRISON, J.   The return to this writ of *certiorari* shows that an affidavit signed by more than twenty-five persons, who swear that they are freeholders of the borough of Park Ridge, in the county of Bergen and State of New Jersey, setting forth that they have paid taxes on real estate in said borough within one year last past, to wit, taxes for the year 1904, and that they have cause to believe that the moneys of said borough have been and are being unlawfully expended, was presented to one of the justices of the Supreme Court, and that thereupon he made an order for a summary investigation into the affairs of said borough pursuant to an act entitled "An act to provide for the summary investigation of county and municipal expenditures," approved March 23d, 1898; that after said order was entered the mayor and council of the borough of Park Ridge and certain officials of said borough and two freeholders presented to the said justice of the Supreme Court a petition averring that the affidavit was not signed by twenty-five freeholders; that some of the signers of said affidavit were not freeholders or residents of the borough and that some of them were married women. That upon the hearing on the said petition the justice ordered that its prayer be denied, which order is the one the prosecutors seek to have reviewed.

The question raised by this writ is whether under the act referred to the justice of the Supreme Court to whom the jurisdictional affidavit was presented was obliged to try and determine the issues of fact raised by the denial of the facts stated in such affidavit, and if such statement was found to be false revoke the order originally made.

It is not pretended that any such procedure is expressly provided by the statute in question.  The most that is claimed is that it is inferentially implied or that it inheres in the nature of the proceeding created by the statute.  Neither of

these contentions appear to me to be well founded. The legislature in the creation of a remedial procedure may prescribe that jurisdiction shall depend upon the existence of certain facts, or it may declare that jurisdiction shall arise whenever proof of certain facts is made in a prescribed manner. In this latter case the preliminary inquiry touching jurisdiction is not whether the facts sworn to are true but whether they are the ones required by statute and are sworn to as therein prescribed.

The present proceeding is of this latter class and hence neither expressly nor inferentially was the justice who had correctly passed upon the preliminary question before making his order required to institute an inquiry into the truth of the facts contained in the jurisdictional affidavit.

The order removed by this writ is affirmed.